963 F.2d 375
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert PURIFOY, Petitioner/Appellant,
v.
Howard PETERS, et al., Respondents/Appellees.
 No. 90-2009.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1992.*
Decided May 21, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Purifoy shot and killed Oscar Perez after Perez caught Purifoy off-guard while Purifoy was attempting to burglarize Perez's brother's (Sergio Guzman) house. At Purifoy's jury trial the state sought murder charges based on Illinois' felony murder statute. Purifoy's strategy was to claim self-defense or to lower the possible conviction to manslaughter by contending that he was not trying to burglarize the house when the shooting occurred. To those ends Purifoy claimed that he was only at the house to "check out" Guzman's stereo that he had heard about, that his loud knocking at a side door before entering the house was inconsistent with an intent to commit burglary, and that a witness had testified that Purifoy had expressed sorrow to her for shooting a man holding a gun.
 
 
 2
 At the jury-instruction conference held before argument, Purifoy tried to get a self-defense or manslaughter instruction before the jury. The court did not allow the instruction, nor would it allow Purifoy's counsel to argue these theories to the jury. The court based its refusal of the tendered instructions on its conclusion that the evidence at trial showed that the only possible conclusion a jury could have reached was that Purifoy went to Guzman's house to burglarize it. Included among the evidence to which the judge was referring was Purifoy's admission to two detectives that he wanted to burglarize Guzman's house. The judge ruled that, under Illinois law, Purifoy's failure to put forth more evidence precluded his tendered self-defense and manslaughter instructions. The jury convicted Purifoy of murder.
 
 
 3
 After exhausting his state court remedies Purifoy petitioned the district court for a writ of habeas corpus. 28 U.S.C. § 2254 (1988). In that petition Purifoy argued 1) that the trial court erred by denying his tendered self-defense and manslaughter instructions, and 2) that he had ineffective appellate counsel. The court denied the petition and Purifoy now raises the same two issues on appeal.
 
 
 4
 Purifoy cites United States v. Creamer, 555 F.2d 612, 616 (7th Cir.1977), as support for his claim that the court should have allowed the self-defense and manslaughter instructions. Creamer, however, states that "a jury instruction is only needed if the evidence raises a jury question.... [I]t cannot be said that a reasonable person 'might conclude' the evidence supports a certain instruction, then the instruction need not go to the jury." Id. This is essentially the same standard that the state court used under state law to conclude that Purifoy presented at trial no evidence to support a jury finding of self-defense or manslaughter. The court's findings are supported by the record and thus presumptively correct. 28 U.S.C. § 2254(d) (1988). Rulings based on state law, moreover, cannot be reviewed under section 2254 unless the trial itself violated the due process clause. See Estelle v. McGuire, 60 U.S.L.W. 4015 (U.S. Dec. 4, 1991). The court's ruling did not render the trial fundamentally unfair.
 
 
 5
 Purifoy also claims that under Strickland v. Washington, 466 U.S. 668, 688 (1984), his appellate counsel was constitutionally ineffective because he did not press the jury-instruction issue on direct appeal despite Purifoy's insistence that he do so. Purifoy has no constitutional right to have his appellate counsel raise every nonfrivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 754 (1982). Furthermore, to establish appellate counsel's ineffectiveness, Purifoy must show that counsel's decision not to argue the jury-instruction issue raised "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. We have determined that the trial court's ruling denying the tendered instructions was supported by the evidence so Purifoy could not have been prejudiced by counsel's refusal to raise the issue on appeal.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs